1  BRYAN SCHWARTZ LAW
2  Bryan Schwartz (SBN 209903)
   Samuel Lorraine Goldsmith (SBN 320471)
3  180 Grand Avenue, Suite 1380
   Oakland, California 94612
4  Tel. (510) 444-9300
   Fax (510) 444-9301
5  Email: bryan@bryanschwartzlaw.com
           samuel@bryanschwartzlaw.com
6
7  *Attorneys for Individual and Representative Plaintiff Julie Washburn*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIE WASHBURN, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>PENDLETON WOOLEN MILLS, INC., and DOES 1 through 50, inclusive,<br><br>Defendants. | **CASE NO.: _____**<br><br>**COLLECTIVE ACTION**<br><br>**COMPLAINT FOR DAMAGES, RESTITUTION, & INJUNCTIVE RELIEF**<br><br>1. **Failure to Pay Overtime under Fair Labor Standards Act, 29 U.S.C. § 207;**<br>2. **Failure to Pay Overtime under Cal. Labor Code §§ 510, 1194, and IWC Wage Orders;**<br>3. **Failure to Provide and/or Authorize Meal and Rest Periods under Cal. Labor Code §§ 226.7, 512, and IWC Wage Orders;**<br>4. **Failure to Provide Accurate Itemized Wage Statements under Cal. Labor Code § 226;**<br>5. **Unlawful and/or Unfair Business Practices in Violation of Cal. Business & Professions Code § 17200,** *et seq.* |

## I. PRELIMINARY STATEMENT

1. This is a collective and class action brought by Plaintiff Julie Washburn on her own behalf and on behalf of the proposed Collective identified below. Plaintiff and the Collective are or were employed by Defendant Pendleton Woolen Mills, Inc. (hereinafter, "Pendleton") as Store Managers and/or other similar positions.

2. As Store Managers, Plaintiff and the Collective are and were non-exempt employees under federal wage and hour laws, and they should have been classified as such and should have received overtime pay consistent with the requirements of these laws. These employees are similarly situated under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

3. The Collective is made up of all persons who are or have been employed by Pendleton as Store Managers in the United States within three years prior to this action's filing date through the date of final disposition of this action (the "Collective Action Period").

4. During the Collective Action Period, Pendleton failed to pay appropriate overtime compensation to each member of the Collective as required by federal law. The relief sought is to remedy Pendleton's failure to pay appropriate overtime compensation, in addition to restitution, interest, liquidated damages, penalties, and injunctive relief.

5. Plaintiff also brings individual claims under California state law to remedy Pendleton's failure to pay appropriate overtime compensation under California law, provide and/or authorize meal and/or rest break periods, and provide accurate itemized wage statements. Plaintiff further alleges that these practices constitute unfair business practices in violation of California Business & Professions Code § 17200, and Plaintiff seeks remedies provided by that law. In addition, Plaintiff seeks restitution, liquidated damages, penalties, and injunctive relief.

## II. THE PARTIES

6. Individual and Representative Plaintiff Julie Washburn resides in Petaluma, California. Ms. Washburn was hired as a Store Manager at Defendant's Corte Madera location in or around July 22, 2019. Ms. Washburn currently works as a Store Manager for Defendant at that

location. Plaintiff Washburn brings her claims on behalf of herself and the Collective. A signed consent-to-join form for Plaintiff Washburn under 29 U.S.C. §216(b) is attached as **Exhibit A**.

7. Defendant Pendleton Woolen Mills, Inc. is an Oregon corporation with its principal place of business in Oregon. Pendleton Woolen Mills is an apparel manufacturing company that produces luxury woolen garments, blankets, bags, and similar products. According to its website, Pendleton has at least 50 physical retail locations nationwide.

8. Defendants Does 1-50, inclusive, are sued herein under fictitious names. Their true names and capacities are unknown to Plaintiff. When their true names and capacities are ascertained, Plaintiff will amend this complaint by inserting their true names and capacities herein. Plaintiff is informed and believes and thereupon alleges that each of the fictitiously-named Defendants is responsible in some manner for the occurrences herein alleged, and that the damages of Plaintiff and the Collective herein alleged were proximately caused by such Defendants.

9. Plaintiff is informed, believes, and thereon alleges that each of the Defendants herein was at all times relevant to this action the agent, employee, representative partner, and/or joint venture of the remaining Defendants and was acting within the course and scope of the relationship. Plaintiff is further informed, believes, and thereon alleges that each of the Defendants herein gave consent to, ratified and authorized the acts alleged herein to the remaining Defendants.

### III. JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, as this case is brought under the FLSA, 29 U.S.C. §§ 207 and 216(b). The representative Plaintiff has signed a consent form to join this lawsuit, attached hereto as **Exhibit A**. This Court also has supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367.

11. This Court has personal jurisdiction over this matter because Defendant, presently and at all times relevant to this action, has conducted substantial and continuous commercial

activities in the Northern District of California, and because many of the acts complained of herein occurred in this District and gave rise to the claims alleged.

12. Venue is proper in the United States District Court for the Northern District of California pursuant to 28 U.S.C. §§ 1391(b)(2), because a substantial part of the events giving rise to the claims set forth herein occurred in this district.

## IV.  DESCRIPTION OF ILLEGAL PAY PRACTICES

13. Pendleton manufactures high-end wool apparel products sold throughout the country in Pendleton's 50 retail locations, by other retailers nationwide, and online.

14. Store Managers such as Ms. Washburn are responsible for day-to-day retail transactions at Pendleton's locations. Ms. Washburn's primary duties, like those of her fellow Store Managers, involve routine menial and clerical work typical of lower-level retail employees and shared by non-exempt employees at the store, including, for example: opening and closing the store; arranging the store to prepare for opening; cleaning the store to prepare for closing; packing; shipping; stocking; working the cash register; and greeting customers, and similar customer service responsibilities. The nature of Store Managers' work is dictated by Pendleton's policies and procedures.

15. Store Managers are allowed little, if any, discretion or independent judgment in carrying out their duties. Store Managers are required to consult with Area Managers, their supervisors, before making even the most basic changes within the store, such as determining product placement and promotional items or setting schedules. Ms. Washburn is even required to reach out to her Area Manager before closing store doors on hot days, smoky days, or any other reason. This experience is similar to that of Store Managers nationwide.

16. Pendleton does not require Store Managers to have any certification, specialized training, or a particular academic degree. For training, Pendleton's corporate office sends training manuals to Store Managers, which they read independently. Pendleton trained Ms. Washburn on the operation of its computer system in the manner it trains all Store Managers and its other retail employees, with in-person trainings conducted by the Area Manager.

17. Store Managers have no authority to make independent hiring or termination decisions, and their suggestions or recommendations regarding hiring or termination are not accorded any particular weight. Job postings must be cleared by the company. Store Managers may then participate in the interview process, in which they complete a checklist concerning applicants' qualifications to submit to the company. Higher-level superiors determine whether to hire an applicant – decisions which may contradict the Store Manager's checklist without explanation. For instance, in October 2019, an applicant to the understaffed Corte Madera location was not hired for the busy holiday season, even though Ms. Washburn and her Area Manager indicated on the interview checklist that they believed the applicant would have made a good employee.

18. Store managers do not analyze sales and profitability. Sales analysis is conducted by other Pendleton employees, not Store Managers.

19. Pendleton's retail locations have reduced staffing in recent years. As a result, most if not all Store Managers supervise a small number of employees. Ms. Washburn supervises fewer than two full-time employees or their equivalent: one full-time assistant manager who performs the same job duties as Ms. Washburn, and one part-time employee who works 24-hour workweeks.

20. The understaffing of Pendleton's retail locations causes Store Managers to regularly miss breaks. Store Managers must cover the store in the absence of other qualified employees. Ms. Washburn works alone at the Corte Madera location two or three days in a typical week, and she is not able to take meal or rest periods as a result. Pendleton has no policies in place to provide uninterrupted meal or rest breaks to Ms. Washburn or other California Store Managers or to pay premiums when such breaks are missed.

21. Store Managers have minimal responsibilities in supervising their few subordinates, including sending email updates regarding communications from corporate headquarters, relaying sales techniques, and passing along information on products. Store Managers have no substantial training or performance monitoring or reviewing responsibilities.

22. Ms. Washburn and similarly-situated Store Managers regularly work more than 40 hours per week. Ms. Washburn regularly works six or seven days each week, especially during the busy holiday season; she has worked eight-days stretches during the winter holiday seasons in 2019 and 2020. She worked from around 9:30 a.m. to 8:30 p.m. from when she was hired in or around July 2019 until pandemic restrictions took effect in around March 2020, at which point her hours were reduced to around 9:30 a.m. to 6:00 p.m. Ms. Washburn is informed and believes her experiences are similar to those of Store Managers nationwide. Pendleton does not compensate Ms. Washburn or its other Store Managers with overtime premium pay for the time they work in excess of 40 hours per week, or in excess of 8 hours per day in California.

23. Pendleton required Store Managers to record their time by clocking in and out until around October 2020, at which point Pendleton switched to a new records system that did not include tracking Store Managers' time. Pendleton has not provided Ms. Washburn or similarly-situated Store Managers with itemized wage statements detailing her hours worked.

24. Store Managers are not administrators of Pendleton's general business operations and they set no overarching policies for Pendleton or even for individual stores.

## V. COLLECTIVE ACTION ALLEGATIONS

25. Plaintiff brings this action on behalf of herself and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b). The employees similarly situated are:

**Collective**: All persons who are or have been employed by Pendleton as Store Managers and/or other similar positions within the United States at any time from three years prior to the filing of the initial Complaint through the final disposition of this case.

26. Upon information and belief, Pendleton suffered and permitted Plaintiff and the Collective to work more than 40 hours per week without appropriate overtime compensation.

27. Pendleton's unlawful conduct has been widespread, repeated, and consistent.

28. Upon information and belief, Pendleton knew that Plaintiff and the Collective performed work that required overtime pay. Pendleton has operated under a scheme to deprive

these employees of appropriate overtime compensation by failing to properly compensate them for all hours worked.

29.     Upon information and belief, Pendleton misclassified Plaintiff and members of the Collective as "exempt" from federal and state overtime laws. Pendleton misrepresented to these employees that they were "exempt" and therefore were not entitled to overtime pay for hours worked in excess of 40 per week.

30.     Pendleton's conduct, as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and the Collective.

31.     Pendleton is liable under the FLSA for failing to properly compensate Plaintiff and the Collective, and as such, notice should be sent to the Collective. There are numerous similarly-situated, current and former employees of Pendleton who have been denied overtime pay in violation of the FLSA who would benefit from the issuance of a Court-supervised notice of the present lawsuit and the opportunity to join in the present lawsuit. Those similarly-situated employees are known to Pendleton and are readily identifiable through Pendleton's records.

## FIRST CAUSE OF ACTION

## FAILURE TO PAY OVERTIME UNDER THE FLSA

**(29 U.S.C. § 207)**

**(ON BEHALF OF PLAINTIFF AND THE COLLECTIVE CLASS)**

32.     Plaintiff incorporates by reference in this cause of action each allegation of the preceding paragraphs as though fully set forth herein.

33.     Plaintiff consents in writing to be party to this action, pursuant to 29 U.S.C. § 216(b). Plaintiff's written consent form is attached hereto as **Exhibit A**. Plaintiff anticipates that other individuals will sign consent forms and join as plaintiffs.

34.     At all relevant times, Pendleton has been and continues to be an "employer" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, Pendleton has employed and continues to

employ employees, including Plaintiff and the Collective. At all relevant times, upon information and belief, Pendleton has had gross operating revenues in excess of $500,000.

35. The FLSA requires each covered employer, such as Pendleton, to compensate all non-exempt employees at a rate of not less than one-and-one-half times the regular rate of pay for work performed in excess of 40 hours per work week.

36. During Plaintiff's employment with Pendleton, within the applicable statute of limitations, Plaintiff and the Collective Members worked in excess of 40 hours per workweek. Despite the hours worked by Plaintiff and the Collective Members, Pendleton willfully, in bad faith, and in knowing violation of the FLSA, failed and refused to pay them the appropriate overtime compensation for all the hours worked in excess of 40.

37. Pendleton knowingly and willfully misclassified Plaintiff and the Collective Members as exempt from overtime compensation though no recognized exemption to the FLSA applies to them.

38. By failing to accurately record, report, and/or preserve records of hours worked by Plaintiff and the Collective, Pendleton has failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. § 201, *et seq*.

39. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

40. Plaintiff, on behalf of herself and the Collective, seeks damages in the amount of her unpaid overtime compensation, liquidated damages from three years immediately preceding the filing of this action, plus interests and costs as allowed by law, pursuant to 29 U.S.C. §§ 216(b), 255(a), and 260, and such other legal and equitable relief as the Court deems just and proper.

41. Plaintiff, on behalf of herself and the Collective, seeks recovery of her attorneys' fees and costs to be paid by Pendleton, as provided by the FLSA, 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION

## FAILURE TO PAY OVERTIME UNDER CALIFORNIA LAW

(Cal. Labor Code §§ 510, 1194; IWC Wage Orders)

(INDIVIDUALLY ON BEHALF OF PLAINTIFF)

42. Plaintiff incorporates by reference in this cause of action each allegation of the preceding paragraphs as though fully set forth herein.

43. By failing to pay overtime compensation to Plaintiff for hours worked over 40 in a week or 8 in a day, Pendleton has violated California Labor Code § 510 and IWC Wage Orders, which require overtime compensation for non-exempt employees.

44. Pendleton knowingly and willfully misclassified Plaintiff as exempt under California law, though no recognized California overtime law exemption has applied to her.

45. Pendleton's failure to pay overtime was done willfully, in bad faith, and in knowing violation of the California Labor Code and IWC Wage Orders.

46. As a result of Pendleton's unlawful acts, Plaintiff has been deprived of overtime compensation in an amount to be determined at trial and are entitled to recovery of such amounts, plus interest thereon, penalties and attorneys' fees and costs, under California Labor Code § 1194 and California Code of Civil Procedure § 1021.5, and such other legal and equitable relief as the Court deems just and proper.

## THIRD CAUSE OF ACTION

## FAILURE TO PROVIDE AND/OR AUTHORIZE MEAL AND REST PERIODS

(Cal. Labor Code §§ 226.7, 512; IWC Wage Orders)

(INDIVIDUALLY ON BEHALF OF PLAINTIFF)

47. Plaintiff incorporates by reference in this cause of action each allegation of the preceding paragraphs as though fully set forth herein.

48. Plaintiff regularly worked and continues to regularly work in excess of five (5) hours a day without being afforded at least a half-hour uninterrupted meal period in which she

was relieved of all duties, as required by California Labor Code §§ 226.7 and 512 and IWC Wage Orders.

49. Plaintiff regularly worked and continues to regularly work in excess of ten (10) hours a day without being afforded a second half-hour uninterrupted meal period in which she was relieved of all duties, as required by California Labor Code §§ 226.7 and 512 and IWC Wage Orders.

50. Because Pendleton failed to afford proper meal periods, it is liable to Plaintiff for one hour of additional pay at the regular rate of compensation for each workday that the proper meal periods were not provided, pursuant to California Labor Code § 226.7 and IWC Wage Orders.

51. Plaintiff regularly worked and continues to regularly work more than three and one-half hours in a day without being authorized and permitted to take a 10-minute rest period in which she was/is relieved of all duties, and Plaintiff regularly worked and continues to regularly work more than six hours in a day without being authorized and permitted to take two, 10-minute rest periods in which she was/is relieved of all duties per four hours or major fraction thereof, as required under California Labor Code § 226.7 and IWC Wage Orders. Plaintiff regularly worked and continues to regularly work in excess of 10 hours without being authorized and permitted to take additional 10-minute rest periods in which she was was/is relieved of all duties.

52. Because Pendleton failed to afford proper meal and rest periods, it is liable to Plaintiff for one hour of additional pay at the regular rate of compensation for each workday that the proper rest periods were not provided, pursuant to California Labor Code § 226.7(b) and IWC Wage Orders.

53. Pendleton's failure to pay meal and rest period premiums was done willfully, in bad faith, and in knowing violation of the California Labor Code and IWC Wage Orders.

54. By violating California Labor Code §§ 226.7 and 512, and IWC Wage Orders, Pendleton is also liable for reasonable attorneys' fees and costs for enforcing the public interest

underpinning the aforementioned Labor Code provisions, under California Code of Civil Procedure § 1021.5.

## FOURTH CAUSE OF ACTION

## FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS

**(Cal. Labor Code § 226; IWC Wage Orders)**
**(INDIVIDUALLY ON BEHALF OF PLAINTIFF)**

55. Plaintiff incorporates by reference in this cause of action each allegation of the preceding paragraphs as though fully set forth herein.

56. California Labor Code § 226(a) and IWC Wage Orders require employers semi-monthly or at the time of each payment of wages to furnish each California employee with a statement itemizing, among other things, the total hours worked by the employee. California Labor Code § 226(e) provides that if an employer knowingly and intentionally fails to provide a statement itemizing, among other things, the total hours worked by the employee, then the employee is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial violation and one hundred dollars ($100) for each subsequent violation, up to four thousand dollars ($4,000).

57. Pendleton knowingly and intentionally failed to furnish Plaintiff with timely, itemized statements showing the total hours worked, as required by California Labor Code § 226(e) and IWC Wage Orders. As a result, Pendleton is liable to Plaintiff for the amounts provided by California Labor Code § 226(e).

58. As a direct and proximate result of Pendleton's failure to maintain payroll records, Plaintiff has suffered actual economic harm as she has been precluded from accurately monitoring the number of hours worked and thus seeking all accrued overtime pay.

59. Plaintiff requests relief for the amounts provided by California Labor Code § 226(e) as well as attorneys' fees and costs provided by California Labor Code § 226(e) and California Code of Civil Procedure § 1021.5.

**FIFTH CAUSE OF ACTION**

**VIOLATIONS OF THE UNFAIR COMPETITION LAW**

**(Cal. Business & Professions Code § 17200 *et seq.*)**

**(INDIVIDUALLY ON BEHALF OF PLAINTIFF)**

60. Plaintiff incorporates by reference in this cause of action each allegation of the preceding paragraphs as though fully set forth herein.

61. Section 17200 of the California Business & Professions Code – California's Unfair Competition Law – prohibits unfair competition by prohibiting, *inter alia*, any unlawful or unfair business acts or practices. The foregoing conduct by Pendleton, as alleged, constitutes unlawful business actions and practices in violation of § 17200 *et seq*.

62. Pursuant to § 17200 *et seq.*, Plaintiff is entitled to injunctive relief against Pendleton's ongoing unlawful business practices. If an injunction does not issue enjoining Pendleton from engaging in the unlawful business practices described above, Plaintiff and the general public will be irreparably injured.

63. Plaintiff has no plain, speedy, and adequate remedy at law. If not enjoined by this Court, Pendleton will continue to engage in the unlawful business practices described above in violation of § 17200 *et seq.* in derogation of the rights of Plaintiff and the general public.

64. Pursuant to California Business & Professions Code § 17200 *et seq.*, Plaintiff is entitled to: restitution of the overtime earnings and other unpaid wages and premiums alleged herein that Pendleton has improperly withheld and retained during a period that commences four years prior to the filing of this action; a permanent injunction requiring Pendleton to pay overtime and meal/rest premiums to all workers in California as defined herein; and an award of attorneys' fees and costs pursuant to California Code of Civil Procedure § 1021.5 and other applicable law.

**PRAYER FOR RELIEF**

65. WHEREFORE, Plaintiff, on behalf of herself and the members of the proposed Collective, requests judgment and the following specific relief against Pendleton as follows:

A. That the Court determine that this action may proceed as a collective action under 29 U.S.C. § 216(b) of the FLSA;

B. That Pendleton is found to have violated the overtime provisions of the FLSA as to Plaintiff and the Collective;

C. That Pendleton is found to have violated the FLSA by failing to maintain accurate time records of all the hours worked by Plaintiff and the Collective;

D. That Pendleton is found to have violated the overtime, meal/rest period, itemized wage statement, waiting time penalty, and business expense reimbursement provisions of the California wage laws cited above as to Plaintiff;

E. That Pendleton's violations as described above are found to be willful;

F. An award to Plaintiff and the Collective for the amount of unpaid wages and expenses owed, liquidated damages and penalties where provided by state and federal law, and interest thereon, subject to proof at trial;

G. That Pendleton be ordered and enjoined to pay restitution to Plaintiff due to Pendleton's unlawful activities, pursuant to California state law cited above;

H. That Pendleton further be enjoined to cease and desist from unlawful activities in violation of the state laws cited above;

I. That the Court grant declaratory relief stating that Pendleton's scheme is unlawful;

J. For an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b); California Labor Code §§ 226 and 1194; California Code of Civil Procedure § 1021.5, and/or other applicable law; and

K. For such other and further relief, in law or equity, as this Court may deem appropriate and just.

Dated: August 20, 2021

Respectfully submitted,

BRYAN SCHWARTZ LAW

By: _____
Bryan Schwartz
Samuel Lorraine Goldsmith
ATTORNEYS FOR PLAINTIFF AND
THE PROPOSED COLLECTIVE

# EXHIBIT A

# CONSENT FORM AND DECLARATION

I hereby consent to join a lawsuit against Pendleton Woolen Mills (hereinafter, "Pendleton") as a Plaintiff to assert claims against Pendleton for violations of the wage and hour laws of the United States and/or the state(s) where I worked for Pendleton. During the past three years, there were occasions when I worked over 40 hours per week for Pendleton and did not receive overtime compensation.

I worked for Pendleton as a (please check all that apply):

☑ Store Manager
☐ Other (Specify Title: _____)

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

*Julie Washburn*
Julie Washburn (Aug 3, 2021 23:06 PDT)
Signature

Aug 3, 2021
Date

**Julie Washburn**
Print Name

_____
Address (with apartment number if applicable)

_____
City, State, Zip Code

**Fax or Mail To:**

**Bryan Schwartz Law**
**180 Broadway, Suite 1830**
**Oakland, CA 94612**
**FAX (510) 444-9301**

_____
Best Phone Numbers

_____
E-Mail Address (Personal)

_____
Emergency Contact

SANTA ROSA and Corte Madera
Location(s) Worked (City/State)

09-2014 to 03-2016 and 09-2019 to current 4yr
Approximate Dates of Employment with Pendleton

---

CONSENT AND DECLARATION